# EXHIBIT B

**AMENDMENT**

**TO**

**W BBQ HOLDINGS, INC.**

**EMPLOYEE STOCK OWNERSHIP PLAN**

**WHEREAS,** the W BBQ HOLDINGS, INC. EMPLOYEE STOCK OWNERSHIP PLAN was adopted effective January 1, 2016; and

**WHEREAS,** in accordance with Section 12.1 of the Plan, the Company has the ability at any time, or from time to time, to amend the Plan;

**NOW, THEREFORE,** unless specifically stated otherwise, the provisions of this Amendment shall be effective as of January 1, 2019 as follows:

Section 1.30 shall be amended to read as follows:

    1.30   <u>Plan Administrator or Administrator.</u>  A committee that the Company may designate to administer the Plan.

Section X shall be amended to read as follows:

    Section 10 – <u>Claims Procedures and Mandatory Arbitration</u>.

    Section 10.01  <u>Review of Benefit Determinations</u>.  Any claim, dispute or controversy of any kind asserted by a Participant, Employee or Beneficiary or by a former Participant, former Employee or former Beneficiary (a "<u>Claimant</u>") (i) which arises out of, relates to, or concerns the Plan or the Trust, including without limitation, any claim for benefits, (ii) asserting a breach of, or failure to follow, the Plan or Trust; or (iii) asserting a breach of, or failure to follow, any provisions of ERISA or the Code, including without limitation claims for breach of fiduciary duty, ERISA section 510 claims, and claims for failure to timely provide notices or information required by ERISA or the Code (collectively, "<u>Covered Claims</u>"), shall be resolved pursuant to the administrative procedures set forth in Section 10.02 and the binding arbitration procedures set forth in Section 10.04 administered in accordance with the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association ("<u>AAA</u>") then in effect. The Administrator will provide notice in writing to any Participant or Beneficiary whose claim under the Plan is denied, and the Administrator shall afford such Participant or Beneficiary a full and fair review of its decision if so requested.

{01001882.DOC;1 }

Section 10.02  <u>Denial Procedure and Appeal Process</u>.  If a Claimant has an unresolved question or issue with respect to a Covered Claim after consulting with the Administrator or its representatives, a formal review of the situation may be requested in writing of the Administrator within 60 days after receiving notification of the Claimant's Plan benefits or an estimate of the Claimant's Plan benefits or otherwise following receipt of information which forms the basis of the Claimant's Covered Claim.  A review decision will be made within 60 days after receipt of such request (120 days in special circumstances) and the Claimant will be informed of the decision within 90 days after receipt of such request (180 days in special circumstances).  However, if the Claimant is not informed of the decision within the period described above, the Claimant may request a further review by the Administrator as described below as if the Claimant had received notice of an adverse decision at the end of that period.  The decision will be written in a manner calculated to be understood by the Claimant, setting forth the specific reasons for any denial of the Covered Claim, specific reference to pertinent Plan provisions or other factors on which such denial is based, a description of any additional material or information necessary for the Claimant to perfect the claim and an explanation of why such material or information is necessary, and an explanation of the Plan's claim review procedure.  The Claimant also shall be advised that the Claimant or the Claimant's duly authorized representative may request a further review by the Administrator of the decision denying the claim by filing with the Administrator within 60 days after such notice has been received by the Claimant a written request for such review and that Claimant may review pertinent documents, and submit issues and comments in writing, within the same 60 day period.  If such request is so filed, the Administrator shall make such review within 60 days after receipt of such request, unless special circumstances require an extension of time for processing in which case the review will be completed and decision rendered within 120 days.  The Claimant shall be given written notice of such decision which shall include specific reasons for the decision, and specific references to the pertinent Plan provisions on which the decision is based, and such decision by the Administrator shall be final and shall terminate the review process.

Section 10.03  <u>Administrator's Decision Final</u>.

(a)  The Administrator has the right to interpret the Plan's terms, determine all questions of eligibility and status under the Plan and exercise the fullest discretion permitted by law regarding Plan interpretation and administration including, without limitation, the power to construe and interpret the Plan, to decide all questions relating to an individual's eligibility to participate in the Plan and/or eligibility for benefits and the amounts thereof; to have fact finder discretionary authority to decide all facts relevant to the determination of eligibility for benefits or participation; to make such adjustments which it deems necessary or desirable to correct any arithmetical or accounting errors; to determine the amount, form and timing of any distribution to be made hereunder; to approve and enforce any loan hereunder including the repayment thereof, as well as to resolve any conflict.  In making its decisions, the Administrator shall be entitled to, but need not rely upon, information supplied by a Participant, Beneficiary, or representative thereof.  The Administrator shall have full and complete discretion to determine whether a domestic relations order constitutes a Qualified Domestic Relations Order and whether the putative Alternate Payee otherwise qualifies for benefits hereunder.  The Administrator's decisions in all such matters shall be final, binding and conclusive as to all parties, and shall not be subject to "de novo" review unless shown to be arbitrary and capricious.

{01001882.DOC;1 }

(b)  Following the exhaustion of the claims procedure set forth in Section 10.02, a Claimant whose claim has been partially or completely denied may initiate arbitration in accordance with Section 10.04; provided, that no such arbitration may be brought unless and until the Claimant (i) has submitted a timely claim in accordance with Section 10.02; (ii) has been notified by the Administrator that the claim has been denied (or such claim is deemed denied); (iii) filed a written request for a review of the claim in accordance with Section 10.02; and (d) has been notified in writing of an adverse determination on review.

(c)  Any arbitration of a Claimant's claim will be based on the same standard as would apply in the United States District Court for the Southern District of the State of New York, that is, the arbitrator's decision will be premised solely on the terms of the Plan and the record developed during the administrative review process, and the determination made by the Administrator will be reviewed under an abuse of discretion standard.

Section 10.04 <u>Mandatory and Binding Arbitration</u>.

(a)  As a condition to (i) any Employee becoming eligible to participate in the Plan, (ii) any Employee, Participant or Beneficiary receiving any contributions to his Accounts, (iii) any Employee, Participant or Beneficiary receiving any benefit under the Plan, or (iv) any Claimant including a former Employee, former Participant or former Beneficiary filing a Covered Claim such Employee, Participant, Beneficiary or other Claimant agrees that any Covered Claim denied in whole or in part as a result of the review process described in Sections 10.01 and 10.02 shall be subject to the mandatory arbitration procedures described in this Section 10.04 (the "<u>Arbitration Procedure</u>").

(b)  The AAA Supplementary Rules for Class Arbitrations shall not be used in arbitration pursuant to the Arbitration Procedure.

(c)  If the Covered Claims solely involve (i) claims under ERISA section 502(a)(1)(B) to recover benefits due to Claimant under the terms of the Plan, to enforce the Claimant's rights under the terms of the Plan, or to clarify the Claimant's rights to future benefits under the terms of the Plan, or (ii) claims for penalties under ERISA section 502(c), then Covered Claims shall be submitted to and decided by only (1) arbitrator.  For all other disputes, the Covered Claims shall be submitted to and decided by three (3) arbitrators.

(d)  Claimant shall assert all Covered Claims in the same arbitration and shall not split Covered Claims.  The judgment on the final award rendered by the arbitrator may be entered in any court having jurisdiction thereof and shall be *res judicata* as to all Covered Claims the Claimant asserted or could have asserted in the arbitration demand but shall have no effect on the claims of any other employee, participant or beneficiary and shall not have any binding effect on the Administrator or Trustee except as to the individual Claimant only.

(e)  All Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis.  Each arbitration shall be limited solely to one Claimant's Covered Claims and that Claimant may not seek or receive any remedy which has the purpose or effect of providing additional benefits or monetary or other relief to any Employee, Participant or Beneficiary other than the Claimant.

(f)  The requirements of Section 10.04(e) include, but are not limited to, that with respect to any claim brought under ERISA section 502(a)(2) to seek relief under ERISA section

{01001882.DOC;1 }

ARGENT_LLOYD_0000063

409, the Claimant's remedy, if any, shall be limited to (i) the alleged losses to the Claimant's Accounts resulting from the alleged breach of fiduciary duty, (ii) a pro-rated portion of any profits allegedly made by a fiduciary through the use of Plan assets where such pro-rated amount is intended to provide a remedy solely to Claimant's Accounts, or (iii) such other remedial or equitable relief as the arbitrator deems proper so long as such remedial or equitable relief does not include or result in the provision of additional benefits or monetary relief to any Employee, Participant or Beneficiary other than the Claimant, and is not binding on the Administrator or the Trustee with respect to any Employee, Participant or Beneficiary other than the Claimant.

(g) The requirements of Section 10.04(e) and 10.04(f) shall govern irrespective of any AAA rule or decision to the contrary and is a material and non-severable term of the Arbitration Procedure. If the court specified in Section 10.04(q) finds these requirements to be unenforceable or invalid, then the entire Arbitration Procedure shall be rendered null and void in all respects. Except as to the applicability and enforceability of the requirements of Section 10.04(e) and Section 10.04(f), the arbitrator shall have exclusive authority to resolve any dispute or issue of arbitrability with respect to the Arbitration Procedure, including as to the jurisdiction of the arbitrator or relating to the existence, scope, validity, enforceability or performance of the Arbitration Procedure or any of its provisions. Any dispute or issue as to the applicability or validity of the requirements of Section 10.04(e) and 10.04(f) shall be determined solely by the court designated in Section 10.04((q). Nothing in the Arbitration Procedure shall preclude a party from seeking interim or provisional relief or remedies in aid of arbitration from such court.

(h) The arbitrator(s) shall be mutually acceptable to all parties to the dispute and must be attorney(s) with prior experience with ERISA claims. The arbitrator(s) need not be selected from the AAA's panel of arbitrators; provided, that the parties to the dispute agree on the selection of the arbitrator(s). If, however, the parties cannot agree on the selection of the arbitrator(s) within twenty-one (21) days of the demand for arbitration, then the arbitrator(s) shall be selected pursuant to the AAA's National Rules for the Resolution of Employment Disputes; provided, that (i) the list of potential arbitrators provided by the AAA shall be limited to attorneys with prior ERISA experience; (ii) for an arbitration to be heard by one arbitrator, the AAA shall provide a list of seven (7) potential arbitrators from which the parties shall alternatively strike names until only one name remains, with the Claimant striking first; and (iii) for an arbitration to be heard by three (3) arbitrators, the AAA shall provide a list of eleven (11) potential arbitrators from which the parties shall alternatively strike names until only three names remain, with the Claimant striking first.

(i) Arbitration proceedings shall be held in New York, New York, or at such other place as may be selected by mutual agreement of the parties. A Claimant may initiate arbitration by serving a demand for arbitration on the Administrator and, if applicable, the Trustee, and by filing such demand with the appropriate office of the AAA. In order to save time and expenses, the parties may agree to have the arbitrator(s), and not the AAA, administer the arbitration. In the absence of such an agreement, the AAA will administer the arbitration. Any demand for arbitration involving a claim under ERISA section 502(a)(1)(B) shall be served on the Administrator and, if applicable, the Trustee, and filed with the AAA within twelve (12) months of the date on which the claim denial is issued by the Administrator in accordance with Section 10.03, or the ERISA section 502(a)(1)(B) claim shall be barred as untimely.

{01001882.DOC;1 }

ARGENT_LLOYD_0000064

(j)     The arbitrator will apply the same standards of review as would apply to the claims if asserted in federal court. In any arbitration over an ERISA section 502(a)(1)(B) claim, including a claim for benefits under the Plan, discovery will be limited to Plan documents and the record developed during the administrative review process, and the determination made by the Administrator during the administrative review process will be reviewed under an "abuse of discretion" (a/k/a "arbitrary and capricious") standard of review. Similarly, it is intended that in any arbitration over a claim involving the review of any action, inaction or determination by a Plan fiduciary for which the fiduciary had been granted discretionary authority, such fiduciary's action, inaction or determination will also be reviewed under an "abuse of discretion" (aka "arbitrary and capricious") standard of review, even if such alleged action, inaction or determination involves an alleged breach of fiduciary duty or violation of ERISA or the Code. Subject to these limitations, the arbitrator(s) shall have the discretion to order such discovery as permitted under the Employment Arbitration Rules and Mediation Procedures of the AAA then in effect. All disputes regarding discovery shall be decided by the arbitrator(s).

(k)     Any arbitration award shall be in writing. In rendering the award, the arbitrator(s) shall determine the respective rights and obligations of the parties under federal law, or, if federal law is not applicable, the laws of the State of New York. The arbitration award shall be binding on all parties solely with respect to the Claimant's individual claims and it shall have no effect with respect to claims of any other Participant or Beneficiary including the Plan accounts of any other participant or beneficiary.

(l)     Except as may be awarded by the arbitrator(s) in a final award: (i) fees and expenses of the arbitrator(s) and arbitration shall be advanced by the Employer; and (ii) except as may be otherwise provided in the Plan, each party shall bear the expense of his, her or its own counsel, experts, witnesses, and preparation and presentation of evidence. The arbitrator(s) may include in his, her final award an award of arbitration fees and expenses or attorneys' fees and expenses to the extent allowed under ERISA.

(m)     Neither the Claimant nor the arbitrator(s) may disclose the existence, content, subject matter, or results of any arbitration without the Employer's prior written consent. This confidentiality and nondisclosure restriction shall apply to all aspects of the arbitration proceeding, including without limitation, discovery, testimony, other evidence, briefs, and the award. In the event of a breach or threatened breach of this restriction, the Employer may seek temporary, preliminary and/or permanent injunctive relief to prevent such breach or threatened breach, as well as any damages suffered by the Employer, the Administrator or the Trustee. In the event the Employer brings an action to enforce this confidentiality and nondisclosure restriction and receives any remedy (whether temporary or permanent), the Claimant or arbitrator responsible for the breach or threatened breach shall pay the Employer's attorneys' fees and expenses. In any action to confirm or set aside the arbitration award, the parties shall cooperatively seek to file the arbitration award under seal or for an in camera inspection by the court without the award being filed in the public record.

(n)     The parties intend that the arbitrator(s) be independent and impartial. To this end, the arbitrator(s) shall disclose to the parties, both before and during the arbitration proceedings, any professional, family, or social relationships, past or present, with any party or counsel.

(o)     The Arbitration Procedure shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"). Subject to the provisions of the FAA, the final award rendered by

{01001882.DOC;1 }

the arbitrator(s) shall be final and binding on the parties to the arbitration with respect to the Claimant's individual claims only.

(p)     The Arbitration Procedure shall apply to all Covered Claims asserted by a Claimant, whether such Covered Claims are asserted solely against one or more of the Plan's fiduciaries, or are also asserted against the Employer or any other non-fiduciary (e.g., a Plan service provider).

(q)     If a Claimant wishes to pursue any Covered Claim, the Claimant shall comply with the Arbitration Procedure, and shall not file any such claim in a state or federal court. To the extent that any Claimant fails or refuses to comply with the Arbitration Procedure or wishes to challenge its legal enforceability, or to the extent the Arbitration Procedure is invalidated, such action or challenge shall be filed exclusively in the United States District Court for the Southern District of New York, which is where the Plan is administered. In the event a Claimant makes an unsuccessful challenge to the validity, enforceability or scope of the Arbitration Procedure in any court, the Claimant shall, to the maximum extent permitted by law, reimburse the defendants in that action for all attorneys' fees, costs, and expenses incurred by them in defending against the Claimant's unsuccessful court challenge.

{01001882.DOC;1 }

**IN WITNESS WHEREOF,** this Amendment has been executed as of this 24 day of April, 2019.

                                                W BBQ HOLDINGS, INC.

By: _____
            GREGOR WETANSON
            VICE PRESIDENT

[W BBQ HOLDINGS, INC. SIGNATURE PAGE TO ESOP AMENDMENT]

{01001882.DOC;1 }