# EXHIBIT D

# GROOM LAW GROUP

Lars C. Golumbic
(202) 861-6615
lgolumbic@groom.com

July 27, 2022

**Via Electronic Mail**

Kai H. Richter
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue NW
Fifth Floor
Washington, D.C. 20005

  Re:  *Lloyd v. Argent Trust Co., et al.*, Case No. 1:22-cv-04129 (S.D.N.Y.)

Dear Kai:

  We represent the named defendants in the above-referenced matter: Argent Trust Company ("Argent"), Herbert Wetanson, Gregor Wetanson, and Stuart Wetanson (collectively, "Defendants"). We understand from Mr. Lloyd's Complaint that he claims to be a "current participant" in the W BBQ Holdings, Inc. Employee Stock Ownership Plan (the "Plan") and "a Plan participant at the time of the Transaction" that closed in July 2016. Compl. ¶ 14.

  We write on behalf of Defendants to (1) inform you that your client has filed the instant lawsuit in violation of valid, binding arbitration provisions in the Plan's governing plan document (the "Plan Document"); and (2) demand that Mr. Lloyd dismiss his Complaint in the instant matter in light of the Plan Document's arbitration provisions. If Mr. Lloyd refuses, Defendants are prepared to move the Court to compel arbitration, and Defendants will seek all available remedies (including attorneys' fees) provided under the Plan Document.

  **I.  Mr. Lloyd Must Arbitrate All Claims in His Complaint, Which Are "Covered Claims" Under the Plan Document.**

  Enclosed with this letter please find the following documents that Argent is producing: (1) the Plan Document, effective January 1, 2016 (Bates-numbered ARGENT_LLOYD_0000001 to ARGENT_LLOYD_0000060); (2) an amendment to the Plan Document, effective January 1, 2019 (Bates-numbered ARGENT_LLOYD_0000061 to ARGENT_LLOYD_0000067); and (3) an Action by Unanimous Written Consent of the Board of Directors of W BBQ Holdings, Inc., dated April 24, 2019 (Bates-numbered ARGENT_LLOYD_0000068 to ARGENT_LLOYD_0000072).

  As you will see, since January 1, 2019 (at which time Mr. Lloyd claims to have been participating in the Plan), the Plan Document as amended has included broad, mandatory arbitration provisions:

Kai H. Richter
July 27, 2022
Page 2

        Section 10.01 <u>Review of Benefit Determinations</u>.  *Any claim, dispute or controversy of any kind* asserted by a Participant, Employee or Beneficiary or by a former Participant, former Employee or former Beneficiary (a "<u>Claimant</u>") (i) which arises out of, relates to, or concerns the Plan or the Trust, including without limitation, any claim for benefits, (ii) asserting a breach of, or failure to follow, the Plan or Trust; or (iii) *asserting a breach of, or failure to follow, any provisions of ERISA or the Code, including without limitation claims for breach of fiduciary duty*, ERISA section 510 claims, and claims for failure to provide in a timely manner notices or information required by ERISA or the Code (collectively, "<u>Covered Claims</u>"), shall be resolved pursuant to the administrative procedures set forth in Section 10.02 and the binding arbitration procedures set forth in Section 10.04 administered in accordance with the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association ("AAA") then in effect.

. . . .

        Section 10.04 <u>Mandatory and Binding Arbitration</u>.

        (a)     As a condition to (i) any Employee becoming eligible to participate in the Plan, (ii) any Employee, Participant or Beneficiary receiving any contributions to his Accounts, or (iii) any Employee, Participant or Beneficiary receiving any benefit under the Plan, or (iv) any Claimant including a former Employee, former Participant or former Beneficiary filing a Covered Claim such Employee, Participant, or Beneficiary agrees that any Covered Claim denied in whole or in part as a result of the review process described in Sections 10.01 and 10.02 shall be subject to the mandatory arbitration procedures described in this Section 10.04 (the "<u>Arbitration Procedure</u>").

*See* ARGENT_LLOYD_0000061, 63 (emphasis added).

Sections 10.01 and 10.04 of the amended Plan Document demonstrably apply to Mr. Lloyd and all claims that he alleges in his Complaint.  First, by his own admission he is a "current participant" in the Plan, meaning he meets the definition of "Claimant" in Section 10.01.  *See* ARGENT_LLOYD_0000061.

Second, Section 10.01 defines "Covered Claims" to include "[a]ny claim, dispute or controversy of any kind asserted by a [Claimant] . . . asserting a breach of, or failure to follow, any provision of ERISA or the Code, including without limitation claims for breach of fiduciary duty."  *See* ARGENT_LLOYD_0000061.  All six counts alleged in the Complaint are, by their terms, either claims for violations of ERISA and/or for breaches of fiduciary duties under ERISA.  *See* Compl. ¶¶ 128-87.

Third, the amended Plan Document provides in Section 10.04(p) that "[t]he Arbitration Procedure shall apply to all Covered Claims asserted by a Claimant, whether such Covered

Kai H. Richter
July 27, 2022
Page 3

Claims are asserted solely against one or more of the Plan's fiduciaries, or are also asserted against the Employer or any other non-fiduciary (e.g., a Plan service provider)." *See* ARGENT_LLOYD_0000066. Each of the entities and individuals named as defendants in the Complaint is either a "Plan fiduciary" or "any other non-fiduciary."

Consequently, the Plan Document as amended mandates that all claims raised in Mr. Lloyd's Complaint are "subject to the mandatory arbitration procedures described in this Section 10.04" because (1) Mr. Lloyd is a Plan Participant, (2) all of his allegations are "Covered Claims," and (3) all of the named defendants are entities listed under Section 10.04(p).

Moreover, Sections 10.04(e) and (f) of the Plan Document require Mr. Lloyd to arbitrate his claims on an individualized basis:

(e)     All Covered Claims must be brought solely in the Claimant's individual capacity and not in a representative capacity or on a class, collective, or group basis. Each arbitration shall be limited solely to one Claimant's Covered Claims and that Claimant may not seek or receive any remedy that has the purpose or effect of providing additional benefits or monetary or other relief to any Employee, Participant or Beneficiary other than the Claimant.

(f)     The requirements of Section 10.04(e) include, but are not limited to, that with respect to any claim brought under ERISA section 502(a)(2) to seek relief under ERISA section 409, the Claimant's remedy, if any, shall be limited to (i) the alleged losses to the Claimant's Accounts resulting from the alleged breach of fiduciary duty, (ii) a pro-rated portion of any profits allegedly made by a fiduciary through the use of Plan assets where such pro-rated amount is intended to provide a remedy solely to Claimant's Accounts, or (iii) such other remedial or equitable relief as the arbitrator deems proper so long as such remedial or equitable relief does not include or result in the provision of additional benefits or monetary relief to any Employee, Participant or Beneficiary other than the Claimant, and is not binding on the Administrator or the Trustee with respect to any Employee, Participant or Beneficiary other than the Claimant.

*See* ARGENT_LLOYD_0000063-64.

## II.     Mr. Lloyd Must Dismiss His Complaint, or Defendants Will Move to Compel Arbitration Under the Plan Document and Federal Arbitration Act.

Given that Sections 10.01 and 10.04 are binding on Mr. Lloyd and require him to pursue his claims, if at all, under the Arbitration Procedure described therein, Defendants hereby demand that he dismiss his Complaint immediately. If he fails or refuses to do so expeditiously, Defendants will move the Court to compel arbitration under the Federal Arbitration Act ("FAA").

Kai H. Richter
July 27, 2022
Page 4

When deciding whether to compel arbitration, courts in the Second Circuit consider (1) "whether the parties agreed to arbitrate," (2) "the scope of that agreement," and (3) "if federal statutory claims are asserted, . . . whether Congress intended those claims to be nonarbitrable." *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004) (citation omitted); *see also, e.g.*, *McAllister v. Conn. Renaissance Inc.*, 496 F. App'x 104, 106 (2d Cir. 2012).  Here, all three factors favor compelling arbitration: (1) the arbitration provisions in Section 10 of the amended Plan Document are binding on Mr. Lloyd by virtue of his status as a Participant; (2) all of his claims are "Covered Claims" and thus within the scope of Section 10.01; and (3) it is settled law in the Second Circuit that "statutory claims arising under ERISA may be the subject of compulsory arbitration," *Bird v. Shearson Lehman/Am. Exp., Inc.*, 926 F.2d 116, 118 (2d Cir. 1991).

Moreover, please be aware that, if Mr. Lloyd refuses to dismiss his Complaint and Defendants are forced to litigate to enforce the arbitration provisions in Section 10, Defendants will pursue all available remedies, including reimbursement of attorneys' fees as provided by Section 10.04(q) of the Plan Document:

> In the event a Claimant makes an unsuccessful challenge to the validity, enforceability or scope of the Arbitration Procedure in any court, the Claimant shall, to the maximum extent permitted by law, reimburse the defendants in that action for all attorneys' fees, costs, and expenses incurred by them in defending against the Claimant's unsuccessful court challenge.

ARGENT_LLOYD_0000066.  *See, e.g.*, *Barreto v. JEC II, LLC*, No. 16-cv-9729, 2017 WL 3172827, at *6 (S.D.N.Y. July 25, 2017) (awarding attorneys' fees under provision in arbitration agreement).

\*     \*     \*     \*

We await the dismissal of Mr. Lloyd's action.

Regards,

Lars C. Golumbic

*Attorney for Defendants*

Enclosures

Kai H. Richter
July 27, 2022
Page 5


cc:    Michelle C. Yau
       Daniel R. Sutter
       Ryan A. Wheeler
       Mark C. Nielsen
       Sarah M. Adams
       Paul J. Rinefierd
       Larry M. Blocho, Jr.