**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMAAL LLOYD and ANASTASIA JENKINS, individually and on behalf of all others similarly situated, and on behalf of the W BBQ Holdings, Inc. Employee Stock Ownership Plan,<br><br>               Plaintiffs,<br><br>v.<br><br>ARGENT TRUST COMPANY, HERBERT WETANSON, GREGOR WETANSON, and STUART WETANSON,<br><br>               Defendants. | Case No. 1:22-cv-04129-DLC |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY THE PROCEEDINGS PENDING APPEAL

## <u>INTRODUCTION</u>

Defendants Argent Trust Company, Herbert Wetanson, Gregor Wetanson, and Stuart Wetanson (together, "Defendants") respectfully move to stay these proceedings pending the Second Circuit's resolution of Defendants' appeal pursuant to 9 U.S.C. § 16(a).

On December 6, 2022, this Court issued an Opinion and Order (Dkt. No. 60) denying Defendants' Renewed Motion to Compel Individual Arbitration and Stay the Case or, in the Alternative, to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 50).  On December 9, 2022, Defendants filed a notice of appeal to the Second Circuit (Dkt. No. 63).  Congress has authorized appeals as of right from any order denying a motion to compel arbitration under 9 U.S.C. § 16(a)(1)(B), recognizing that the denial of the right to prompt arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case.  A stay of proceedings in this Court is warranted pending resolution of Defendants' appeal.

Absent a stay, the parties will incur a very heavy burden and expense—including but not limited to class certification discovery and briefing, merits discovery, dispositive motion briefing, and trial—that may prove unnecessary should the Second Circuit rule in Defendants' favor and compel this matter to individual arbitration.  Precisely for these reasons (and others described below), courts in this Circuit routinely grant stays when a party appeals an order denying a motion to compel arbitration pursuant to 9 U.S.C. § 16(a).  *See, e.g.*, *Zachman v. Hudson Valley Fed. Credit Union*, No. 20-cv-1579 (VB), 2021 WL 1873235, at *2 (S.D.N.Y. May 10, 2021) (granting a stay pending resolution of Defendant's interlocutory appeal pursuant to Section 16 of the FAA); *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 396 (S.D.N.Y. 2016) (same); *Starke v. SquareTrade, Inc.*, No. 16-cv-7036 (NGG) (SJB), 2017 WL 11504834, at *1 (E.D.N.Y. Dec. 15, 2017) (same), *aff'd*, 913 F.3d 279 (2d Cir. 2019).

Defendants conferred with Plaintiffs' counsel, who do not consent to the relief requested. In any event, each factor that the Court should consider weighs in favor of a stay, and Defendants respectfully request that the Court grant their motion to stay this action during the pendency of appeal proceedings in the Second Circuit.

## **ARGUMENT**

Courts consider four factors when evaluating whether to grant a stay pending an interlocutory appeal: "(1) likelihood of success in the appeal; (2) whether the requesting party would be irreparably injured without a stay; (3) whether a stay will substantially injure the other parties interested in the proceedings; and (4) the public interests at play." *Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018). Courts balance these four factors, and "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one [factor] excuses less of the other." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (alteration in original) (internal quotation marks omitted).

Because all factors weigh in favor of granting a stay in this case, the Court should stay all proceedings during the pendency of Defendants' appeal in the Second Circuit.

## I.    **Defendants' Appeal Presents "Serious Questions" Going to the Merits of the Dispute.**

As to the first factor, the likelihood of success on appeal, courts apply a "serious questions" standard in situations such as this, where the movant would otherwise be required to convince the lower court that its decision was likely to be overturned. *Zachman*, 2021 WL 1873235, at *1. Courts have observed that "[t]he first factor—whether the movant has shown a likelihood of success on the merits—may be satisfied by showing there are 'serious questions' going to the merits of the dispute and the balance of hardships tips 'decidedly' in the movant's favor." *Id*. The "serious questions" standard "permits a district court to grant a [stay] in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of

the underlying claims, but where the costs outweigh the benefits of not granting the [stay]." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35-38 (2d Cir. 2010).

Courts have recognized that appeals presented "serious questions" in multiple circumstances, each of which are presented by Defendants' appeal here.

***First***, "serious questions" may be found where there are "divided views of several courts" with respect to an issue. *In re A2P SMS Antitrust Litig.*, No. 12-CV-2656, 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014). At least one Circuit Court has upheld the enforceability of a retirement plan's arbitration provision that included a similar class- and representative-action waiver, while another Circuit Court has declined to do so. *Compare Dorman v. Charles Schwab Corp.*, 780 F. App'x 510, 514 (9th Cir. 2019) ("Because 'arbitration is a matter of contract,' the Provision's waiver of class-wide and collective arbitration must be enforced according to its terms, and the arbitration must be conducted on an individualized basis.") *with Smith v. Bd. of Dirs. of Triad Mfg., Inc.*, 13 F.4th 613, 622 (7th Cir. 2021) ("[N]o claim . . . may be arbitrated. To reiterate, the problem with the plan's arbitration provision is its prohibition on certain plan-wide remedies[.]"). Several district courts outside the Seventh Circuit have declined to follow *Smith*'s rationale. *See Holmes v. Baptist Health S. Fla., Inc.*, No. 21-22986, 2022 WL 180638, at *3 (S.D. Fla. Jan. 20, 2022); *see also Robertson v. Argent Tr. Co.*, No. cv-21-01711, 2022 WL 2967710, at *10 (D. Ariz. July 27, 2022) ("[T]he Court concludes that the Plan's arbitration provision does not prevent Plaintiff from effectively vindicating statutory rights under ERISA. There is no indication that ERISA bars plan participants from choosing to waive collective action when an individualized remedy is still available.").

Moreover, the question in Defendants' appeal related to the enforceability of arbitration provisions with class action waivers in ERISA plan documents is being hotly litigated all around the country. Cases are pending in at least three Courts of Appeals—including the Second Circuit. Indeed, the Second Circuit may well decide the issue before appellate briefing is complete in this case. *See Cedeno v. Argent Tr. Co.*, No. 21-2891 (2d Cir. filed Nov. 22, 2021). The enforceability of arbitration and collective action waiver provisions in ERISA plan documents is also on the verge of resolution in the Third Circuit, *see Henry v. Wilmington Trust., NA*, No. 21-2801 (3d Cir., argued Nov. 9, 2022), and the Tenth Circuit, *see Harrison v. Envision Management Holding, Inc. Board of Directors*, No. 22-1098 (10th Cir. filed Apr. 6, 2022) (oral argument set for Jan. 17, 2023). Additionally, the broader issue of the intersection of the Federal Arbitration Act ("FAA") and ERISA is the subject of a pending cert petition on which the Supreme Court has requested further briefing. *See Hawkins v. Cintas Corp.*, 32 F.4th 625 (6th Cir. 2022), *petition for cert. filed*, No. 22-226 (U.S. Sept. 12, 2022).

*Second*, courts have found "serious questions" where there is "lack of clear precedent," *In re A2P SMS Antitrust Litigation*, 2014 WL 4247744, at *2, and, similarly, where the "issues raised were novel," *New York Times Co. v. Department of Health & Human Services*, No. 20 CIV. 3063, 2021 WL 235138, at *2 (S.D.N.Y. Jan. 25, 2021), *aff'd*, 15 F.4th 216 (2d Cir. 2021). In the Second Circuit there is no "clear precedent" on this question, and thus it is "novel," because the Second Circuit has not yet squarely addressed it. *See Kinkead v. Humana, Inc.*, No. 15 Civ. 1637, 2016 WL 9453808, *3 (D. Conn. Oct. 13, 2016) (staying proceedings where interlocutory appeal involved a "nuanced legal question of apparent first impression").

*Third*, "serious questions" may be found where the issue raised on appeal is "in sharp dispute." *Citigroup Glob. Mkts.*, 598 F.3d at 39. Here, the question of the enforceability of

arbitration provisions in the governing plan document of the WBBQ Holdings, Inc. ("WBBQ") Employee Stock Ownership Plan ("ESOP") is clearly "in sharp dispute," as evidenced by the multiple arguments that the parties briefed with respect to Defendants' motion to compel arbitration. *See* Dkt. Nos. 51, 54, 58.

For these reasons, Defendants' appeal presents "serious questions," and the first factor weighs in favor of granting a stay.

## II.   **Defendants Will Suffer Irreparable Injury Without a Stay.**

Absent a stay, Defendants will suffer irreparable injury.  Congress has authorized appeals from orders denying arbitration by way of 9 U.S.C. § 16(a)(1)(B).  *See Meyer*, 203 F. Supp. 3d at 396.  That provision "evidences a congressional determination that a wrongful denial of the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case." *Id.*  Courts have held such Congressional intent weighs in favor of finding a defendant will be irreparably injured absent a stay. *Id.*

Defendants also would be injured irreparably by the substantial litigation expenses they would incur defending this putative class action before a determination of the appeal. *See Starke*, 2017 WL 11504834, at \*1-2 (finding second factor "weighs decidedly in Defendant's favor" because absent a stay "Defendant would be forced to litigate in court an action that it contends is subject to arbitration, thus depriving it of the favorable procedures available to it in arbitration"); *Zachman*, 2021 WL 1873235, at \*2.  Although "monetary harm arising from increased litigation costs is typically not considered irreparable harm, [c]ourts have determined that defendants face a particular risk of irreparable harm when they have appealed an order refusing to compel arbitration of a potential class action." *Zachman*, 2021 WL 1873235, at \*2 (internal quotation marks omitted) (alteration in original).  Here, Plaintiff brings a putative class action on behalf of hundreds of other participants in the WBBQ ESOP.  Therefore, absent a stay, discovery would likely proceed on a

class-wide basis, and Defendants would be forced to incur heavy costs otherwise avoided by their successful appeal, causing them irreparable harm. *Id.*

Accordingly, this second factor weighs heavily in favor of granting Defendants' request.

## III. Plaintiffs Will Suffer No Harm If a Stay Is Granted.

Plaintiffs do not consent to this motion but, nevertheless, the third factor—whether a stay will substantially injure the other parties to the litigation—also weighs in favor of Defendants. "Congress has implicitly rejected [any] argument [that a non-moving party's potential injury outweighs the injury of the movant] by having determined . . . that the potential harm to a party whose motion to compel arbitration was denied is greater than the harm a stay would cause to the non-movant." *Meyer*, 203 F. Supp.3d at 396; *see also Starke*, 2017 WL 11504834, at *3 ("[T]he court does not view this possibility of injury [to the non-moving party] as sufficiently substantial to justify denying a stay pending appeal[.]").

Thus, the balance of hardships "tips decidedly" in Defendants' favor, and this third factor too weighs in favor of a stay pending the outcome of appellate proceedings in the Second Circuit.

## IV. The Public Interest Favors Granting a Stay.

Finally, the fourth factor—whether a stay would serve the public interest—favors a stay. This is because a stay would further the public's interest in judicial economy. *See Credit Suisse Sec. (USA) LLC v. Laver*, 18 Civ. 2920 (AT), 2019 WL 2325609, at *4 (S.D.N.Y. May 29, 2019) ("[T]he interest of the public[ ] weighs slightly towards granting the stay because, although the public has an interest in the speedy resolution of every case, the public is also not served by any wasting of judicial resources.") (internal quotation marks omitted). If the case proceeded during an appeal, the Court would be required to invest significant time and resources on issues such as considering a class certification motion, discovery motions, dispositive motions, and potentially a trial. Thus, a stay would prevent an expensive and time-consuming litigation when the Second

Circuit could moot the need for any further proceedings by compelling arbitration of this dispute. As the Supreme Court has recognized, arbitration offers "the promise of quicker, more informal, and often cheaper resolutions for everyone involved." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018). Therefore, the fourth and final factor also weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay these proceedings pending the Second Circuit's resolution of Defendants' appeal under 9 U.S.C. § 16(a).

Dated: December 13, 2022

*/s/ Lars C. Golumbic*
Lars C. Golumbic*
Mark C. Nielsen
Sarah M. Adams*
Paul J. Rinefierd*
Larry M. Blocho Jr.*
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, D.C., 20006
(T) 202-857-0620
(F) 202-659-4503
lgolumbic@groom.com
mnielsen@groom.com
sadams@groom.com
prinefierd@groom.com
lblocho@groom.com

*appearing pro hac vice*