# COHENMILSTEIN

Kai Richter
Of Counsel
(202) 408-3609
(202) 408-4699
krichter@cohenmilstein.com

January 20, 2023

Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

*Denied.*
*Denise Cote*
*1/20/23*

Re:   *Lloyd et al. v. Argent Trust Co. et al.*, No. 1:22-cv-04129-DLC (S.D.N.Y.)

Dear Judge Cote:

I am writing on behalf of Plaintiffs to request a 60-day extension of the current deadline for amending the pleadings and adding parties, in light of certain outstanding discovery in the case. For the reasons below, Plaintiffs respectfully submit that there is good cause for the requested extension.

On December 14, 2022, the Court held an initial pretrial conference, and issued a Pretrial Scheduling Order specifying a January 20, 2023 deadline for adding causes of action and parties. *See* ECF 68 at ¶¶ 3-4. Following the pretrial conference, the parties met and conferred regarding discovery in light of Defendants' then-pending Motion to Stay the Proceedings Pending Appeal (ECF No. 65), and reached a stipulated resolution calling for discovery of certain documents and information, *see* ECF 69, which was approved by the Court on January 4, 2023. Plaintiffs promptly served Interrogatories and Requests for Production that same day (January 4, 2023), and Defendants have begun producing some of the agreed-upon material. However, Defendants have not completed their production of those documents (or formally responded to Plaintiffs' Requests for Production), and also have not yet responded to Plaintiffs' interrogatories calling for the identification of persons connected to the ESOP.[1]

In light of the current status of discovery, Plaintiffs believe that a modest amount of additional time is necessary to allow them to evaluate what, if any, amendments may be necessary and any additional parties that may need to be joined. Plaintiffs propose a 60-day extension, as this should allow Defendants sufficient time to complete their production and respond to the Interrogatories, while still completing the process in advance of the status update that is

---

[1] Consistent with the parties' stipulation, Plaintiffs have asked Defendants to identify: all parties to the ESOP Transaction, all persons or entities who were involved in approving or analyzing the Transaction or terms thereof (including the sale price), the Plan Administrator, the members of the ESOP Committee, the members of the Investment Committee, any Investment Manager with respect to the ESOP Transaction, the members of the Board of Directors of the Company, and the Trustee (as defined in the Plan document).

COHENMILSTEIN

January 20, 2023
Page 2

scheduled for March 31, 2023. *See* ECF 68 at ¶ 5. Defendants will not be prejudiced by this extension, as they previously sought a stay of the litigation and are pursuing an appeal of the Court's order denying their motion to compel arbitration. Indeed, Defendants previously agreed to a *later* deadline of April 14, 2023 when the parties initially submitted their proposed schedule. *See* ECF 64 at 2. Moreover, the requested extension will not impact any other deadlines in the case, as no deadlines have been set beyond the March 31 deadline for a status letter. Finally, Plaintiffs have not previously sought an extension of the deadlines in the Pretrial Scheduling Order, and do not seek to extend any deadlines other than those referenced herein.

For the above reasons, Plaintiffs respectfully request that the Court approve the requested 60-day extension, and amend the Pretrial Scheduling Order accordingly. Plaintiffs have met and conferred with Defendants regarding the requested extension, but have been advised that Defendants oppose the extension on the grounds that the amendment deadline was discussed at the initial pretrial conference but the Court declined to set a later deadline at that time.

We appreciate the Court's consideration of this request.

Respectfully Submitted,

Kai Richter
Of Counsel

cc: All counsel of record (via ECF)

Enclosure (proposed order).