# GROOM LAW GROUP

June 20, 2023

**Via ECF**

The Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

   Re:  *Lloyd v. Argent Trust Co.*, No. 1:22-cv-04129-DLC (S.D.N.Y.)

Dear Judge Cote:

  As the Court directed in the June 13, 2023 telephone conference, the parties met and conferred on June 14 and exchanged numerous emails to address several discovery disputes. Defendants submit the following letter[1] regarding the status of unresolved disputes.

## I. Tracing Discovery

  Since the June 13 conference, Defendants have been gathering information regarding the location of proceeds from the 2016 ESOP Transaction. The parties have reached an agreement on an approach to tracing discovery that the parties believe will lead to a resolution of this issue, and if not fully resolved by July 7, the parties propose submitting a joint letter to the Court on any outstanding issues.

## II. Post-2016 Valuation-Related Documents

  The Court directed the parties to "meet and confer and try to narrow the plaintiff's request for documents" related to "the ongoing valuation of the company," which would include valuation "methodologies" and "assumptions," as well as documents related to "forecasting." *See* Hr'g Tr. at 12:15-24. Plaintiffs failed to satisfy the Court's direction to identify "narrow" documents on the subject of post-2016 valuation-related issues.

  First, Plaintiffs' proposal sought among others "documents considered by Stout [*i.e.*, Argent's financial advisor] in connection with the annual valuations," which is neither limited nor specific. Second, Plaintiffs seek post-2016 ESI from two custodians: Joseph Shpigel, the Company's former CFO (deceased), and Defendant Gregor Wetanson. To date, Defendants have collected ESI up through December 31, 2016, meaning Plaintiffs' request would impose on Defendants the burden of collecting ESI from over six additional years, running search terms, and reviewing the resulting document population for responsive documents. And to date, Plaintiffs have not described with sufficient specificity what documents would be responsive.

---

[1] The Court had directed the parties to submit letters regarding remaining disputes by this Monday. Given that June 19 is a federal holiday, the parties are submitting letters today pursuant to Federal Rule of Civil Procedure 6(a)(1).

In response, Defendants proposed that they produce the following specific documents focused on the issues the Court identified: (1) any additional final annual valuations up to present (Argent already produced such valuations up through 2019); (2) minutes of Argent ESOP Committee meetings reflecting approvals of annual valuations; and (3) any materials presented to the Committee in connection with those meetings. Plaintiffs rejected this offer. Defendants maintain that no further collection or production of ESI would be appropriately "narrow." Notably, the methodologies and assumptions that Argent's financial advisor applied are described in the valuation reports. In addition, these reports include exhibits reflecting the historical income statements and financial projections that the advisor considered. And the meeting minutes and provided materials will give Plaintiffs sufficient information regarding Argent's review of its advisor's valuations.

### III.     Post-2016 Discovery re: Monitoring and Co-Fiduciary Claims

After their meet and confer on June 14, the parties negotiated and agreed to a fact stipulation regarding post-2016 actions by the Wetansons designed to obviate the need for post-2016 discovery on this issue as to the Wetansons. The stipulation contains two placeholder dates, which the Wetansons are working in good faith to confirm to the best of their recollection.

Plaintiffs also proposed a stipulation related to actions by Argent with respect to post-2016 enforcement of a non-compete provision contained in the stock purchase agreement from the Transaction, but these facts are not relevant to any claim Plaintiffs included in their Amended Complaint. In particular, Plaintiffs have alleged co-fiduciary breach claims against the Wetansons that relate to the Transaction—not any co-fiduciary breach claims against Argent. Further, Plaintiffs theorized that post-2016 actions by Argent with respect to the non-compete provision are somehow relevant to the valuation of the Company. But Plaintiffs have failed to describe specific post-2016 documents they are seeking on this point, nor would such discovery be proportional to Plaintiffs' stated need in this case.

### IV.     Post-2016 Discovery re: Indemnification Agreement Claim

After the June 13 conference, Plaintiffs have sought to add a post-2016 document request—specifically, "a record of the amount of any attorneys fees paid by W BBQ for the Selling Defendants and Argent, which would need to be tracked and returned to the Company if any fiduciary liability is found." Plaintiffs did not raise this issue in the June 13 conference, instead raising the issues addressed in Sections II and III above. *See* Hr'g Tr. at 9:6-7.

Plaintiffs believe this information is relevant to Count VI of the Amended Complaint, which takes issue with an indemnification provision in the Company's Articles of Incorporation. The requested information does not go to the validity of that provision (which Defendants will brief to the Court at the appropriate time), but solely to amounts that would arguably need to be returned to the Company if the Plaintiffs were to succeed on their claim. They have not explained the relevance of an *interim* dollar amount of fees paid to date. *If* Plaintiffs were to succeed on their underlying claims, and *if* they were to demonstrate the indemnification provision was unenforceable, then the Court could order Defendants to produce a final bill reflecting the total attorneys' fees paid.

        Respectfully,

        */s/ Sarah M. Adams*

        Sarah M. Adams*
        Lars C. Golumbic*
        Mark C. Nielsen
        Paul J. Rinefierd*
        Larry M. Blocho Jr.*
        GROOM LAW GROUP, CHARTERED
        1701 Pennsylvania Ave., NW
        Washington, D.C., 20006
        (T) 202-857-0620
        (F) 202-659-4503
        lgolumbic@groom.com
        mnielsen@groom.com
        sadams@groom.com
        prinefierd@groom.com
        lblocho@groom.com

        *appearing pro hac vice*

cc:    Counsel of Record (via Electronic Case Filing)