# GROOM LAW GROUP

June 23, 2023

**Via ECF**

The Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

*[Handwritten: This action is stayed. /s/ Denise Cote 6/23/23]*

Re: *Lloyd v. Argent Trust Co.*, No. 1:22-cv-04129-DLC (S.D.N.Y.)

Dear Judge Cote:

Defendants write to renew their request that the Court stay all proceedings while Defendants' interlocutory appeal to the Second Circuit (Case No. 22-3116) is ongoing, in light of the Supreme Court's opinion issued earlier today in *Coinbase, Inc. v. Bielski*, No. 22-105, 599 U.S. __ (2023). A copy of the slip opinion is attached for the Court's reference as Exhibit A.

In *Coinbase*, the Supreme Court held that while the interlocutory appeal of a denied motion to compel arbitration is ongoing, "[t]he district court must stay its proceedings." *See* slip op. at 1. In reaching this holding the Supreme Court applied the principle from *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *See* slip op. at 3. The Supreme Court concluded that "[t]he *Griggs* principle resolves this case," noting that "[b]ecause the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *See id.*

Further, the Supreme Court observed:

> If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along. Absent a stay, parties also could be forced to settle to avoid the district court proceedings (including discovery and trial) that they contracted to avoid through arbitration. That potential for coercion is especially pronounced in class actions, where the possibility of colossal liability can lead to what Judge Friendly called "blackmail settlements."

*See id.* at 5-6.

The Supreme Court's holding in *Coinbase* is directly on point and indicates unequivocally that all proceedings in this case should be stayed. After the Court issued its Order denying Defendants' motion to compel arbitration (Dkt. 60), Defendants filed a timely

Groom Law Group, Chartered | 1701 Pennsylvania Ave., N.W. | Washington, D.C. 20006-5811 | 202-857-0620 | Fax: 202-659-4503 | www.groom.com

Case 1:22-cv-04129-DLC Document 90 Filed 06/23/23 Page 2 of 2

interlocutory appeal of the Court's decision under 9 U.S.C. § 16(a) (Dkt. 63). Defendants' interlocutory appeal is still ongoing before the Second Circuit—and indeed is currently in abeyance, upon Plaintiffs' motion. *See* Order, *Lloyd v. Argent Trust Co.*, No. 22-3116 (2d Cir. Apr. 26, 2023), ECF No. 91. This case is therefore in the exact posture as in *Coinbase*, in which the Supreme Court held that "[t]he district court must stay its proceedings." *See* slip op. at 1.

Defendants have conferred with Plaintiffs with respect to Defendants' stay request. Plaintiffs do not oppose Defendants' request for a stay, but Plaintiffs asked Defendants to note in this letter that "in the event that the Second Circuit affirms the district court's opinion in *Cedeno*, Plaintiffs reserve the right to seek certification from the Court that Defendants' appeal is frivolous and the stay should be lifted," citing pages 7-8 of the slip opinion. Defendants dispute that an affirmance in *Cedeno* would render their appeal in this case frivolous.

Wherefore, Defendants respectfully ask that the Court stay all proceedings in this case until the Second Circuit issues a mandate with respect to Defendants' ongoing interlocutory appeal.

Respectfully,

*/s/ Sarah M. Adams*

Sarah M. Adams\*
Lars C. Golumbic\*
Mark C. Nielsen
Paul J. Rinefierd\*
Larry M. Blocho Jr.\*
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW
Washington, D.C., 20006
(T) 202-857-0620
(F) 202-659-4503
sadams@groom.com
lgolumbic@groom.com
mnielsen@groom.com
prinefierd@groom.com
lblocho@groom.com

\**appearing pro hac vice*

cc: Counsel of Record (via Electronic Case Filing)

2