IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMAAL LLOYD and ANASTASIA JENKINS, individually and on behalf of all others similarly situated, and on behalf of the W BBQ Holdings, Inc. Employee Stock Ownership Plan,<br><br>Plaintiffs,<br><br>v.<br><br>ARGENT TRUST COMPANY, HERBERT WETANSON, GREGOR WETANSON, and the W BBQ HOLDINGS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Defendants. | Case No. 1:22-cv-04129-DLC |

**STIPULATED AMENDED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, the Court **GRANTS** the parties' Joint Motion for Entry of a Stipulated Amended Protective Order and **ORDERS** the parties to comply with the terms of this Protective Order. Unless modified pursuant to the terms contained herein, this Protective Order shall remain in effect through the conclusion of this litigation.

1. **Scope and Application of Protective Order.** This Protective Order governs all documents, information, or other material that is "Confidential Information" and that is produced in connection with this litigation by any person or entity (the "Producing Party") to any other person (the "Receiving Party"), regardless of whether the person or entity producing or receiving the Confidential Information is a party to this matter. As such, this includes, but is not limited to, Confidential Information produced in response to discovery requests or subpoenas, deposition

testimony, exhibits, and Confidential Information derived directly therefrom (hereinafter collectively, "Documents").

2.  **Definition of Confidential Information.** As used in this Protective Order, "Confidential Information" is defined as information that the Producing Party believes in good faith would meet the standard for receiving protection from disclosure under Federal Rule of Civil Procedure Rule 26(c) or other applicable law.

3.  **Form of Designation.** Documents containing Confidential Information shall be designated by a Party or Non-Party (the "Designating Party") as "CONFIDENTIAL" by placing on each page, each document (whether in paper or electronic form), or each thing, and any copies thereof, a legend substantially as follows:

CONFIDENTIAL

As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. If it comes to a Designating Party's attention that Documents or information that it designated for protection do not qualify for protection, the Designating Party must within a reasonable time notify all other Parties that it is withdrawing the mistaken designation and reproduce such Documents and/or information with the CONFIDENTIAL marking(s) removed.

3.1. **Information Marked as Confidential.** Documents or information may only be designated as CONFIDENTIAL if the Designating Party believes in good faith that such Documents or information would be subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law. Any transcript of an *in camera* hearing shall be treated as CONFIDENTIAL pursuant to this Protective Order.

3.2. <u>Deposition Transcripts</u>. Within thirty (30) days after receiving a final deposition transcript, a Party may inform other Parties if the transcript or portions of it are designated as Confidential Information. Until expiration of the 30-day period, all Parties shall treat the entire transcript, including exhibits, as Confidential Information subject to the protections of this Protective Order. If no Party timely designates the transcript or a portion of the transcript as Confidential Information, then the transcript will not be treated as such. All persons and Parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

3.3. <u>Expert Reports</u>. All or portions of an expert report provided under Federal Rule of Civil Procedure 26(a)(2) may be designated as Confidential Information if such report contains excerpts, quotes, attachments, or summaries of Documents, deposition transcripts, or other materials that have been designated CONFIDENTIAL under this Protective Order.

3.4. <u>Multipage Documents</u>. If a Party wishes to designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers as CONFIDENTIAL, it shall place the appropriate Marking on **all** pages of the Document. If a Party designates only certain portions and/or pages of an integrated, multipage Document as Confidential Information, only the page(s) with the CONFIDENTIAL Marking(s) shall be treated as Confidential Information.

4. **<u>Timing of Designation</u>.** The Designating Party shall mark Documents as CONFIDENTIAL prior to the time the Documents are produced or disclosed. Applying the CONFIDENTIAL marking to a Document does not mean that the Document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Protective Order. Copies that are made of any Documents so designated must also bear the CONFIDENTIAL

marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked Documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a Document CONFIDENTIAL, counsel for the Designating Party (or the Designating Party itself, for any party appearing *pro se*) thereby certifies that the Document contains Confidential Information as defined in this Protective Order.

5. **Inadvertent Failure to Designate.** Inadvertent failure to designate any Document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, or pursuant to the relevant Rules of Civil Procedure or Evidence, so long as a claim of confidentiality is asserted within a reasonable time of the inadvertent non-designation. After receipt of such notification, the Receiving Party shall then treat the designated materials as Confidential Information and shall make all reasonable efforts to secure the return of any Documents they may have provided to any person not covered by the terms of this Protective Order. Within seven (7) days of such notification, the Designating Party must re-produce all unmarked Documents with a CONFIDENTIAL marking on all pages that contain Confidential Information to all Receiving Parties. Failure to re-produce the Documents with CONFIDENTIAL markings shall not prejudice the Receiving Party who may seek to use the Documents in depositions, in court filings, or in other proceedings.

6. **Designations by Another Party.**

    6.1. Notification of Designation. If a Party or Non-Party other than the Producing Party believes that the Producing Party has produced a Document that contains or constitutes Confidential Information of the Non-Producing Party, the Non-Producing Party may

4

designate the Document as containing Confidential Information by notifying all Parties in writing within ten (10) days of the initial review of the non-designated Document.

6.2. <u>Return of Documents</u>. Whenever a Party or Non-Party other than the Producing Party designates a Document as containing Confidential Information under subparagraph 6.1, the Designating Party shall inform the other Parties and, if applicable, the Non-Party who produced such Document. At this time, the Designating Party shall re-produce a copy of the Document bearing the CONFIDENTIAL marking to all other Parties and, if applicable, the Non-Party who originally produced the Document. Once the Document has been re-produced with the CONFIDENTIAL marking, each Party shall destroy all undesignated copies of the Document or return those copies to the Producing Party, at the direction of the Producing Party, and shall ensure that any person to whom the Party provided an undesignated copy (*e.g.*, expert witnesses) also destroys or returns those undesignated copies.

7. **<u>Objections to Designations.</u>**

7.1. <u>Notice of Objections</u>. Any Party objecting to a designation of Confidential Information shall notify the Designating Party and all other Parties of the objection in writing. This notice must identify each Document that the objecting party, in good faith, believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.

7.2. <u>Conference Regarding Objections</u>. The Parties with an interest in resolution of the objection shall seek to confer within seven (7) business days after such objection to attempt to resolve their differences, unless the parties agree to a longer time. If the Parties cannot resolve their differences, the Designating Party shall have until the close of Expert Discovery to file a motion to maintain the Confidential Information designation, subject to the Local Rules of this

Court. However, no Parties are precluded from seeking Court intervention to remove the CONFIDENTIAL designation before the Producing Party files a motion to maintain all challenged CONFIDENTIAL designations at the close of expert discovery, so long as the notice and conference set forth in paragraphs 7.1 and 7.2 have been completed.

7.3. <u>Treatment after Objection is Raised</u>. All Documents, information, and other materials initially designated as Confidential Information shall be treated as CONFIDENTIAL in accordance with this Protective Order unless and until the Court rules otherwise. If the Court rules that a CONFIDENTIAL designation should not be maintained as to a particular Document, the Producing Party shall provide all other Parties a copy of the Document without the CONFIDENTIAL designation.

**8.** **Use of Confidential Information.** Designated Confidential Information may only be used for purposes of this matter, including any appeals.

**9.** **Who May View Designated Confidential Information Before Trial.**

9.1. <u>Documents Marked as Confidential</u>. Documents, information, or other materials designated as CONFIDENTIAL may only be disclosed by the Receiving Party to the following persons:

    a.    Counsel for the Parties, including their associates, clerks, paralegals, secretarial personnel, and technical support staff;

    b.    Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape, and clerical personnel;

    c.    Deposition and trial witnesses;

  d. Experts and their staff who are consulted by counsel for a Party in this litigation, to the extent the designated information is relevant to the subject matter or scope of their retention;

  e. Parties and their employees and insurers with a discernible need to know;

  f. In-house counsel and paralegals;

  g. Vendors employed by counsel for copying, scanning, and handling of Documents and data, including discovery vendors;

  h. The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal;

  i. A witness or prospective witness in this litigation and their counsel, but only to the extent reasonably necessary in interviewing potential witnesses or in preparing a potential witness to testify at a deposition, hearing, or trial;

  j. Any mediator engaged by the parties in this action and the mediator's staff; and

  k. Any person shown as an author or recipient of the Document on the face of the Document, or who counsel believes in good faith was an author or recipient of the Document.

  9.2. <u>Acknowledgment</u>. Confidential Information may not be disclosed to persons listed in subparagraphs 9.1(d) or 9.1(i) until the Receiving Party has obtained a written acknowledgment from such person, in the form of Appendix A, that he or she has received a copy of this Protective Order and has agreed to be bound by it. A Party who discloses Confidential

Information to persons listed in subparagraphs 9.1(d) or 9.1(i) shall retain the written acknowledgment from each person receiving Confidential Information and shall furnish the written acknowledgment to the Court for *in camera* review upon its request. However, once a Party has contacted counsel for a witness to obtain signature on Appendix A, it is the responsibility of that counsel to obtain such signature. And if counsel for the witness fails to do this, the requesting Party has not violated this Protective Order. With respect to a deposition witness under Paragraph 9.1(c), before presenting to that deposition witness another Party's or Non-Party's Confidential Information, the examining counsel must make reasonable efforts to obtain the witness's signature on Appendix A unless another subpart of Paragraph 9.1 applies (e.g., the witness is shown as an author or recipient of the Document on the face of the Document, is a Party or an employee of a designating Party, etc.). If a subject deposition witness refuses to sign Appendix A, the Parties must dialogue in good faith in an effort to reach agreement on how to proceed. Examining counsel are encouraged to seek to obtain a deposition witness's signature on Appendix A in advance of a scheduled deposition to avoid potential disruption to the deposition.

    9.3. <u>Court Filings</u>. Any Party seeking to file Documents with the Court containing or disclosing Confidential information shall file a motion to seal such Documents, in accordance with the Electronic Case Filing Rules and Instructions for the Southern District of New York, any Orders of this Court, including this Protective Order, and the Judge's Individual Practices in Civil Cases. However, for the avoidance of doubt, if the party that files a motion to seal certain Document(s) with CONFIDENTIAL Markings is **not** the Designating Party, then the Designating Party—and no one else—shall have the obligation to file an affidavit and/or memorandum which demonstrates why the information marked shall be sealed. In this case, the motion to seal shall state that affidavits and/or memorandum explaining why the information shall

be sealed will be filed by the Designating Party either (i) at the time its response is due, if the Confidential Material was submitted in connection with a motion or other pleading to which the Designating Party is entitled to a response, or (ii) within seven (7) business days of the motion to seal if the Confidential Material was submitted in connection with a reply or other filing to which the Designated Party is not entitled to a response. Any document filed under seal shall be available for inspection only by the Court, the Court's staff, counsel of record to the parties, and necessary employees of such counsel until further order of Court, except as otherwise agreed by the Parties and any consenting third-party that designated the Documents as Confidential Information.

10. **Inadvertent Disclosure of Privileged Documents and Information.** In accordance with Federal Rule of Evidence 502(d), if a Party inadvertently produces a Document or information that it could have withheld, in whole or in part, under a legitimate claim of privilege, the inadvertent production shall not waive any privilege or result in a subject-matter waiver. A Producing Party may demand the return of any inadvertently produced document or information, and the Receiving Party shall, within ten (10) business days of the demand, return or destroy such Document or information (and any copies thereof) and shall make all reasonable efforts to secure the return of any Documents they may have provided to any person not covered by the terms of this Protective Order.

11. **A Party's Own Documents.** Nothing in this Protective Order shall limit a Party's right to use or disclose their own Documents and information.

12. **Use of Confidential Documents at Trial or Hearings.** Nothing in this Protective Order shall be construed to affect a Party's ability to use any Document at any trial. The Court may make such orders as are necessary to govern the use of such Confidential Information at trial.

9

In advance of any hearing at which evidence is expected to be presented, the Parties will meet and confer regarding the presentation of any Confidential Information.

### 13. Obligations at the Conclusion of this Litigation.

13.1. Order Remains in Effect. Unless otherwise agreed or ordered, the provisions of this Protective Order will continue to be binding after the conclusion of this litigation.

13.2. Return of Confidential Information. Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, Parties in possession of Documents designated as CONFIDENTIAL, including copies as described above, shall return those Documents to the Producing Party or destroy such Documents. A Party destroying or returning Documents designated as CONFIDENTIAL shall also make all reasonable efforts to ensure that any individuals to whom the destroying or returning Party provided such Documents (*e.g.*, expert witnesses, litigation support providers, actual or potential fact witnesses) also destroy or return those Documents to the Producing Party. Any Party shall, on request of the Producing Party or third-party, certify the fact of destruction.

13.3. Exceptions. Notwithstanding the above requirements to return or destroy Documents, counsel may retain (i) attorney work product, including Documents bearing the notations, summations, or other mental impressions of the Receiving Party and any index which refers or relates to designated Confidential Information, and (ii) all Documents (including but not limited to pleadings, briefs, and motion papers) filed with the Court, including those filed under seal. Any retained Confidential Information shall continue to be protected under this Protective Order. Likewise, Parties shall not be required to locate, isolate, and delete e-mails and other correspondence (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition, hearing or trial transcripts, or drafts or final

10

expert reports, consultant and expert work product, provided that such information and Documents shall remain subject to the terms of this Protective Order.

  13.4. <u>Exceptions pertaining to DOL</u>. Notwithstanding any provisions of this Order to the contrary, the parties recognize and acknowledge that the Department: (a) may disclose to other state or federal governmental agencies, both civil and criminal, any material within its possession including any Confidential Discovery Material covered by this Order, in which case the Department agrees to provide a copy of this Order to any agency receiving material covered by this Order; (b) may be subject to requests calling for the disclosure of material covered by the Order pursuant to the Freedom of Information Act and on other bases, in which case the Department will provide reasonable notice of any such request in writing to the producing person in order to give the producing person an opportunity to object in writing to the Department's disclosure of such material; and (c) as set forth in paragraph 19, will not destroy or return Confidential Discovery Material provided to the Department to the extent that returning or destroying such material would violate any applicable policy, regulation, or law, including, but not limited to, the Freedom of Information Act and Federal Records Act.

  **14.** **Modifications of this Protective Order.** This Protective Order is subject to modification on the motion of any Party or any other person with standing or by the Court *sua sponte*, provided that the Parties have been given notice and an opportunity to be heard on the proposed modification.

  **15.** **No Prior Judicial Determination.** This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Protective Order shall be construed or presented as a judicial determination that

11

any Document designated as Confidential Information by counsel or the Parties is entitled to protection until such time as the Court may rule on a specific Document.

16. **Person Bound by this Protective Order.** This Protective Order will take effect when entered and is binding upon all counsel of record, the law firm for Defendants' counsel, the Solicitor of Labor, the Parties, and all other such individually identified persons made subject to this Protective Order by its terms.

17. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this litigation, they must not be given access to any Confidential Information until they execute the Agreement to be bound by this Protective Order, contained in Appendix A.

18. **Protections Extended to a Third-Party's Confidential Information.** The Parties agree to extend the provisions of this Protective Order to Confidential Information produced in this litigation by third-parties, if timely requested by the third-party.

19. **The Court is not Bound by this Protective Order.** Nothing in this Protective Order shall prevent the Court from allowing the disclosure of any subject covered by this Protective Order, or from modifying the terms of this Protective Order at any time as may be necessary in the interests of justice.

Dated: February 27, 2025

_____
Hon. Denise L. Cote, U.S. District Judge

# APPENDIX A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read and understand the Stipulated Amended Protective Order issued by the United States District Court for the Southern District of New York in *Lloyd et al. v. Argent Trust Co. et al.*, No. 1:22-cv-04129-DLC. I agree to comply with and to be bound by all the terms of this Stipulated Amended Protective Order, and I understand and acknowledge that failure to comply could expose me to court-imposed sanctions or contempt. I promise that I will not disclose any information or documents that are subject to this Stipulated Amended Protective Order except in strict compliance with the provisions of that Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Amended Protective Order, even if such enforcement proceedings occur after termination of this case.

Printed name:_____

Physical address:_____

Mailing address:_____

Phone number:_____

Email address:_____

Signature:_____

Date:_____