```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
JAMAAL LLOYD and ANASTASIA JENKINS,    :      22cv4129 (DLC)
                                       :
                      Plaintiffs,      :      OPINION AND
                                       :         ORDER
           -v-                         :
                                       :
ARGENT TRUST COMPANY et al.,           :
                                       :
                      Defendants.      :
                                       :
-------------------------------------- X
```

APPEARANCES:

For plaintiffs:

Michelle C. Yau
Kai H. Richter
Daniel R. Sutter
Caroline E. Bressman
Ryan A. Wheeler
Elizabeth McDermott
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005

Michael Eisenkraft
Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, New York 10005

For defendants:

Lars C. Golumbic
Mark C. Nielsen
Sarah M. Adams
Andrew Salek-Raham
Paul J. Rinefierd
Benjamin J. Koenigsfeld
Theodore A. Van Beek
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW, Suite 1200
Washington, D.C. 20006

DENISE COTE, District Judge:

Former employees of W BBQ Holdings, Inc. ("W BBQ") allege that fiduciaries of W BBQ's Employee Stock Ownership Plan ("ESOP") caused the ESOP to overpay for W BBQ stock. The plaintiffs have moved for class certification, to be appointed as class representatives, and for Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") to be appointed as class counsel. The plaintiffs' motion is granted.

## **Background**

The facts relevant to this motion are briefly summarized here. Plaintiffs Jamal Lloyd and Anastasia Jenkins are former employees of W BBQ, which owns the "Dallas BBQ" chain of low-priced barbeque restaurants in New York City. The defendants include W BBQ's founder Herbert Wetanson, his son Gregor Wetanson, and his grandson Stuart Wetanson. The Wetansons established the ESOP and appointed Argent Trust Company ("Argent"), which is also a defendant in this action, as the ESOP's trustee. In July of 2016, the ESOP purchased 80% of W BBQ common stock at approximately $247.22 per share, representing a total price of $98,887,309. By December 2020, the price per share had declined to $18.52.

The plaintiffs allege that flaws in Argent's valuation process caused the ESOP to pay too much for W BBQ stock. For

example, they allege that Argent inappropriately relied on inflated financial projections from the Wetansons.  The plaintiffs seek to recover gains from the sale of W BBQ stock to the ESOP from the Wetansons, as well as from two trusts to which some of those gains were transferred, the BBQ Trust and the Gregor Wetanson 2015 Gift Trust (the "Wetanson Trusts"), which are also defendants in this action.

This action was filed on May 20, 2022.  The plaintiffs filed an amended complaint on September 1.  The defendants moved to compel arbitration or dismiss this action for lack of subject matter jurisdiction, and that motion was denied in an Opinion of December 6, 2022.  Lloyd v. Argent Tr. Co., No. 22cv4129, 2022 WL 17542071 (S.D.N.Y. Dec. 6, 2022).  The defendants appealed.

On June 23, 2023, the Supreme Court decided Coinbase, Inc. v. Bielski, 599 U.S. 736 (2023), the holding of which required staying this action during the defendants' appeal of the issue of arbitrability.  Id. at 738.  This action was stayed by an Order issued that day.  A year and a half later, the Second Circuit summarily affirmed the Opinion of December 6, 2022. Lloyd v. Argent Tr. Co., No. 22-3116, 2025 WL 1546509 (2d Cir. Jan. 3, 2025).  An Order of January 28, 2025 lifted the stay.

Meanwhile, the Department of Labor ("DOL") filed a related action concerning the same ESOP transaction, 24cv9809, on

December 19, 2024.  Like the plaintiffs here, DOL seeks restitution for participants in the ESOP.  DOL also seeks equitable relief, however, and has not sued Stuart Wetanson or the Wetanson Trusts.

On February 12, 2025, the defendants moved to consolidate this action and the DOL action.  At a conference of February 20, the Court instructed that the actions would not be consolidated but that the parties should coordinate the litigation of the two actions.  An Order of February 20 set forth a joint schedule for discovery.  The deadline for fact discovery was August 29 and a joint trial is scheduled to begin on February 2, 2026.[1]

On June 2, 2025, the plaintiffs moved for leave to file a second amended complaint.  The plaintiffs had learned during discovery that proceeds from the ESOP transaction had been transferred to the Wetanson Trusts, and their amendment sought to add the Wetanson Trusts as defendants and to recover from them.  That motion was granted in an Opinion of July 10.  Lloyd v. Argent Tr. Co., No. 22cv4129, 2025 WL 1904250 (S.D.N.Y. July 10, 2025).  The plaintiffs filed the second amended complaint on July 14.

---

[1] Expert discovery was to be completed by October 31.  Due to the federal government shutdown, however, deadlines for expert discovery and a joint pretrial order were stayed by Orders of October 1 and October 28.

On July 18, the plaintiffs moved to certify the following class:

> All participants in the W BBQ Holdings, Inc. Employee Stock Ownership Plan on or after July 29, 2016 who vested in whole or in part under the terms of the ESOP, and those participants' beneficiaries, excluding Defendants and their immediate family members; any fiduciary of the ESOP; and any current or former officers or directors of WBBQ.

The motion also requests that the plaintiffs be appointed as class representatives and that Cohen Milstein, which represents the plaintiffs, be appointed as class counsel. Attached to the motion are declarations of the plaintiffs and many exhibits. The defendants filed an opposition on August 15. The plaintiffs filed a reply on September 2.

## Discussion

To qualify for class certification, the plaintiffs must prove that the proposed class action satisfies the four elements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). The plaintiffs must also show that the proposed class is sufficiently ascertainable. In re Petrobras Sec., 862 F.3d 250, 260 (2d Cir. 2017). In addition, the plaintiffs must show that the proposed class action can proceed under one of the categories of Rule 23(b). Here, the plaintiffs seek certification of the class under Rule 23(b)(1)(A), Rule 23(b)(1)(B), or Rule 23(b)(2).

A class may be certified pursuant to Rule 23(b)(1)(B) if

> prosecuting separate actions by or against individual
> class members would create a risk of . . .
> adjudications with respect to individual class members
> that, as a practical matter, would be dispositive of
> the interests of the other members not parties to the
> individual adjudications or would substantially impair
> or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b)(1), (b)(1)(B).  Thus, Rule 23(b)(1)(B) permits certification if "the shared character of rights claimed or relief awarded entails that any individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members."  Ortiz v. Fibreboard Corp., 527 U.S. 815, 834 (1999).  "[A]ctions charging a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of beneficiaries, requiring an accounting or similar procedure to restore the subject of the trust, are among the classic examples of Rule 23(b)(1)(B) class actions."  Coan v. Kaufman, 457 F.3d 250, 261 (2d Cir. 2006) (quoting Ortiz, 527 U.S. at 833-34).  Because of their "derivative nature," breach of fiduciary duty claims brought under ERISA § 502(a)(2) are "paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held."  In re Schering Plough Corp. ERISA Litig., 589 F.3d 585, 604 (3d Cir. 2009) (collecting cases).

A party seeking to certify a class must "affirmatively demonstrate . . . compliance" with the requirements of Rule 23. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). The district court must "make a definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues, must resolve material factual disputes relevant to each Rule 23 requirement, and must find that each requirement is established by at least a preponderance of the evidence." In re U.S. Foodservice Inc. Pricing Litig., 729 F.3d 108, 117 (2d Cir. 2013) (citation omitted). Stated differently, "the district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 251 (2d Cir. 2011) (citation omitted).

Here, the plaintiffs have satisfied the requirements of Rule 23. To begin with, Rule 23(a)'s numerosity requirement is satisfied because the plaintiffs have submitted evidence that there are well over a thousand members of the proposed class.

The defendants argue that the plaintiffs have not proven numerosity because they cannot show that "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The defendants suggest that absent class members are already "joined" due to the inherently representative nature of the plaintiffs' ERISA

claims.  But the defendants identify no authority suggesting that the representative nature of an ERISA claim is tantamount to joinder under the Federal Rules of Civil Procedure.  Courts regularly find that the numerosity requirement is satisfied in ERISA actions such as this.  See, e.g., In re Schering Plough Corp. ERISA Litig., 589 F.3d at 596.

Rule 23(a)'s requirements of commonality and typicality are satisfied, and the defendants do not argue otherwise.  There are questions of law and fact common to the class, such as whether the defendants violated their fiduciary obligations and whether the ESOP paid a fair price for its purchase of W BBQ stock.  The plaintiffs' claims are similar to those of other class members.

The plaintiffs and Cohen Milstein will adequately represent the class.  The defendants do not dispute the adequacy of the plaintiffs or the qualifications of class counsel.

The defendants argue instead that plaintiffs' counsel are acting against the interests of the class, and are conflicted, because they hope to take a percentage of the ESOP's recovery. The defendants note that the plaintiffs can recover on behalf of ESOP members without a class being certified.  But the fact that counsel has a financial interest in class certification does not undermine adequacy, and the ERISA context is no different.  That

is why class certification is regularly granted for ERISA actions such as this.

The defendants also argue that plaintiffs' counsel are acting contrary to class members' interests because DOL is already seeking restitution on behalf of class members.  Along similar lines, the defendants make a more general argument, not tethered to the adequacy requirement, that certification is "not necessary" in light of the DOL action.  But the defendants identify no authority to suggest that the existence of a parallel government action implies that there can be no adequate class counsel or that a class should not be certified.  Moreover, DOL's goals are not precisely the same as those of ESOP members and could potentially shift over time.  And as DOL has previously explained to the Court, its resources are limited.  Plaintiffs' counsel filed this action years before the DOL action was filed, and has shouldered most of the burden of conducting discovery.  It is far from clear that DOL would or could take on the burden of prosecuting its claims through the rest of this litigation, including trial, without the involvement of plaintiffs' counsel.

The defendants do not dispute that the ascertainability requirement is satisfied.  The class consists of ESOP members who can be identified through objective criteria.

Finally, certification is appropriate under Rule 23(b)(1)(B).  The plaintiffs allege breaches of the defendants' fiduciary duties with respect to the ESOP as a whole.  Such ERISA claims are inherently representative, and "any recovery inures to the benefit of the plan as a whole."  Cooper v. Ruane Cunniff & Goldfarb Inc., 990 F.3d 173, 184 (2d Cir. 2021) (citation omitted).  Thus, the success or failure of claims by any class members will greatly impact the claims of other members.  Because certification is appropriate under Rule (b)(1)(B), it is unnecessary to address whether certification also would be appropriate under Rule 23(b)(1)(A) or Rule 23(b)(2).

## Conclusion

The plaintiffs' July 18, 2025 motion for class certification is granted.  The following class is certified:

> All participants in the W BBQ Holdings, Inc. Employee Stock Ownership Plan on or after July 29, 2016 who vested in whole or in part under the terms of the ESOP, and those participants' beneficiaries.  Excluded from the class are Defendants and their immediate family members, any fiduciary of the ESOP, and any current or former officers or directors of W BBQ.

Plaintiffs Jamaal Lloyd and Anastasia Jenkins are appointed as class representatives.  Cohen Milstein is appointed as class

counsel.

Dated:     New York, New York
           October 31, 2025

                                    _____
                                            DENISE COTE
                                    United States District Judge