```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JAMAAL LLOYD and ANASTASIA JENKINS,     :      22cv4129 (DLC)
                                        :      24cv9809 (DLC)
                      Plaintiffs,       :
                                        :         ORDER
           -v-                          :
                                        :
ARGENT TRUST COMPANY et al.,            :
                                        :
                      Defendants.       :
                                        :
----------------------------------------X
                                        :
LORI CHAVEZ-DEREMER, Secretary, United  :
States Department of Labor,             :
                                        :
                      Plaintiff,        :
                                        :
           -v-                          :
                                        :
ARGENT TRUST COMPANY et al.,            :
                                        :
                      Defendants.       :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

The Pretrial Orders in these related actions are due January 23, 2026.  The submissions due on that date were described in an Order of February 20, 2025.  The Order contemplates that the direct testimony of witnesses under a party's control will be submitted by affidavit on January 23.  On December 22, the defendants requested that their three fact witnesses and each of their experts be permitted to present their direct testimony in person at the trial instead of by

affidavit.  The plaintiffs in these two actions have opposed the defendants' request.  The defendants' application is denied.

As the parties are aware, the Court will prepare draft findings of fact and conclusions of law from the January 23 submissions in advance of trial.  At the trial, the parties will formally offer their evidence, witnesses will be cross-examined, any redirect examination will proceed, and the parties will present their summations.  Unless otherwise ordered, there will be no post-trial submissions.  These procedures allow the parties ample opportunity to present their factual and legal positions, permit the Court to be prepared for the trial, reduce the length of the trial, and expedite entry of judgment.  The defendants have not presented any persuasive argument for altering the customary procedures in this Court for a bench trial.

The defendants argue that presenting the direct testimony of their experts in person at trial will assist the Court to assess their credibility.  This argument fails.  Since the experts' affidavits should not offer new opinions not presented in their expert reports, there should be no burden in supplying the affidavits constituting their direct testimony on January 23.  The assessment of their expert testimony will largely hinge on issues other than their personal credibility and that

2

assessment will be assisted by the opportunity to study the direct testimony and the expert methodology and data on which the expert relies in advance of trial.  To the extent that an expert's ability to tell the truth is actually at stake, that can be adequately explored during cross-examination and on redirect.

As for their fact witnesses, the defendants contend that all of the key fact witnesses are defense witnesses.  They point out as well that the defendants bear the burden of proving that the transaction at issue was exempt from ERISA's prohibited transaction rules because the ESOP paid no more than adequate consideration.  They acknowledge that their request will create inefficiencies at trial but represent that they will coordinate with the plaintiffs to minimize those inefficiencies.  These arguments are similarly unpersuasive.  A judgment about the adequacy of the consideration will largely be driven by the documentary record and expert testimony; the defendants do not explain why that is not so.  Further, to the extent that a fact witnesses' testimony is material, providing that testimony through an affidavit the witness can prepare with the assistance of counsel is typically an advantage for the party; the defendants do not explain why that is not so here as well.  And, as already noted, to the extent an individual's credibility is

at stake, that can be adequately assessed at this trial by a comparison of the testimony with the documentary record and the circumstances of the transaction, and through the cross and redirect examination of the witness at trial.

Dated:    New York, New York
          December 30, 2025

                              _____
                                       DENISE COTE
                              United States District Judge