# GROOM LAW GROUP

Hon. Denise Cote, U.S. District Judge                                     February 6, 2026
U.S. District Court, S.D.N.Y.                          *So ordered.*
500 Pearl Street                                       *Denise Cote*
New York, NY 10007                                     *2/6/26*

  **Re:** *Lloyd, et al. v. Argent Trust Co., et al.*, No. 1:22-cv-04129-DLC
    **(S.D.N.Y.)**

Dear Judge Cote:

Pursuant to Section 8.B of the Court's Individual Practices, Defendants[1] submit this response to Plaintiffs' Motion for Leave to File Under Seal (Dkt. 266), which concerns Plaintiffs' redactions to portions of their Memorandum of Law in Support of Plaintiffs' Rule 702 Motion (Dkt. 264) and Exhibits 1, 2, and 4 to the Declaration of Elizabeth M. McDermott submitted in support thereof (Dkt. 265).

Defendants do not seek to maintain any redactions that Plaintiffs included in their memorandum, nor do Defendants seek to maintain under seal Exhibits 2 or 4.

Defendants do request that the Court maintain Plaintiffs' sealing of Exhibit 1 to the Declaration of Elizabeth M. McDermott in Support of Plaintiffs' Rule 702 Motion (Dkt. 265-1, "Exhibit 1") in accordance with paragraph 3.3 of the Court's Protective Order for this case (Dkt. 108). Exhibit 1 is the Rebuttal Report of Defendants' restaurant industry expert, Dan Rafalin, which Defendants designated as "Confidential" under the Court's Protective Order. Exhibit 1 includes discussions about cost-cutting measures, growth potential, and other business operations. Exhibit 1 also contains information and quotations from Plaintiffs' expert reports, with Plaintiffs designated "Confidential" under the Court's Protective Order. Public access to this information in Exhibit 1 could harm the restaurants' financial interests—which would therefore also be detrimental to the Plaintiffs' financial interests.

As stated above, Defendants do not seek to maintain any of the redactions in Plaintiffs' accompanying memorandum, which quotes and summarizes the portions of Exhibit 1 relevant to the issues before the Court. The public's interest is therefore satisfied by public access to the portions of Exhibit 1 that Plaintiffs deemed relevant to their motion. Public disclosure of the full report would add nothing beyond what is already available in the briefing, as the portions of Exhibit 1 not quoted or summarized in the memorandum are not material to the Court's resolution of Plaintiffs' motion.

Defendants respectfully request the Court maintain Plaintiffs' sealing of Exhibit 1. Defendants do not request the Court maintain any redactions to the accompanying memorandum or continue sealing Exhibits 2 or 4.

---

[1] "Defendants" are Argent Trust Company ("Argent"); Herbert Wetanson, Gregor Wetanson, and Stuart Wetanson (together, "the Wetansons"); and the BBQ Trust and its trustees and the Gregor Wetanson 2015 Gift Trust and its trustees (together, "the Transferee Defendants").

Respectfully,

Lars C. Golumbic*
William J. Delany*
Sarah M. Adams*
Andrew Salek-Raham*
Mark C. Nielsen
Paul J. Rinefierd*
Benjamin J. Koenigsfeld*
Theodore A. Van Beek*
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, NW, Suite 1200
Washington, D.C. 20006
(T) 202-857-0620
(F) 202-659-4503
lgolumbic@groom.com
wdelany@groom.com
sadams@groom.com
asalek-raham@groom.com
mnielsen@groom.com
prinefierd@groom.com
bkoenigsfeld@groom.com
tvanbeek@groom.com

*appearing pro hac vice


cc:     Counsel of Record (via Electronic Case Filing)