# GROOM LAW GROUP

Hon. Denise Cote, U.S. District Judge
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

February 17, 2026

*Exhibit 9 shall remain sealed. /Denise Cote 2/18/26*

**Re:** *Lloyd, et al. v. Argent Trust Co., et al.*, No. 1:22-cv-04129-DLC (S.D.N.Y.)

Dear Judge Cote:

Defendants write in response to Plaintiffs' Motion for Leave to File Under Seal (Dkt. 336) and the similar letter reply (Dkt. 337), which Plaintiffs filed on February 16. As discussed further below, Plaintiffs' counsels' stated reason for seeking to file a redacted document on the public docket is a pretext and the Court should reject it.

Both the Motion and letter reply involve the same document—a matrix of information on ESOP stock purchase transactions that Argent compiled and produced to the U.S. Department of Labor specifically for purposes of DOL's audit. Argent compiled the matrix in the course of negotiating with DOL the scope of information that Argent would produce in response to an administrative subpoena. The purpose of the matrix was to allow DOL to identify a limited sample of transactions to review. Argent produced the matrix to DOL as confidential and subject to protection from disclosure under the Freedom of Information Act ("FOIA"), and DOL produced it in this litigation after the Court directed DOL to produce to all parties all documents that DOL received from Defendants and other third parties in its audit. *See* Feb. 20, 2025 Hr'g Tr. at 8:18-20. Since producing the matrix DOL has not sought to de-designate the matrix or relinquish the FOIA disclosure protections.

This matrix is irrelevant to Defendants' motion to exclude their expert Samuel Halpern, or to Plaintiffs' opposition to that motion. Plaintiffs shoehorned a cite to the matrix into one footnote of their opposition, and Defendants already agreed that the footnote does not need to be redacted (Dkt. 330).

Now Plaintiffs are asking the Court for permission to file a redacted version of the matrix on the public docket. With the Court's permission, Plaintiffs would publicly file columns of information on dozens of Argent's ESOP stock purchase transaction engagements, including "the closing date, the valuation firm, the plan sponsor consultant . . . , and whether there is an ongoing trusteeship." *See* Dkt. 337 at 1-2. To be sure, *none* of this information is relevant to Plaintiffs' opposition, and thus the public has no conceivable interest in it—especially since Defendants have already agreed that the opposition brief can be fully unredacted.

Rather, the Court should view Plaintiffs' request for what it is: a pretext. Their counsel wants the Court's permission to file on the public docket a non-public investigative document as an end-run around the scope of discovery to which their counsel agreed in another case they filed against Argent involving a separate ESOP transaction—*Harrison v. Envision Management Holding, Inc. Board of Directors*, No. 1:21-cv-00304 (D. Colo.). Argent did not produce the same matrix in the *Harrison* matter, because Plaintiffs' counsel agreed in fact discovery to receive a much narrower

subset of documents related to DOL's audit of Argent. Plaintiffs' counsel want a redacted version of the matrix to be publicly available so they can turn around and introduce it in *Harrison*, notwithstanding their agreements in fact discovery in that case.

This would not be the first time Plaintiffs' counsel sought to weaponize out-of-context investigative material against Argent in the *Harrison* matter. In that case Plaintiffs' counsel received from DOL copies of investigator interview notes (which DOL had previously withheld from Argent). The court ordered counsel to produce the notes after finding that Argent and the other defendants were prejudiced by Plaintiffs' counsels' receipt and review of the notes. *See Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs.*, No. 1:21-cv-304 (D. Colo.), ECF Nos. 202, 232, 275.

At bottom, Defendants already addressed the public's interest in the information at issue by informing the Court that Defendants do not seek to maintain any redactions in Plaintiffs' opposition to the motion to exclude Samuel Halpern (Dkt. 330). It would serve the interest of Plaintiffs' counsel—not the public—to grant Plaintiffs' request, prejudicing Argent in its defense of the *Envision* matter in the process. The Court should deny Plaintiffs' requests in their Motion and letter reply (Dkts. 336, 337) and grant Defendants' request to maintain the matrix under seal (Dkt. 330).

Respectfully,

*/s/ Lars C. Golumbic*

Lars C. Golumbic*
William J. Delany*
Sarah M. Adams*
Andrew Salek-Raham*
Mark C. Nielsen
Paul J. Rinefierd*
Benjamin J. Koenigsfeld*
Theodore A. Van Beek*
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, NW, Suite 1200
Washington, D.C. 20006
(T) 202-857-0620
(F) 202-659-4503
lgolumbic@groom.com
wdelany@groom.com
sadams@groom.com
asalek-raham@groom.com
mnielsen@groom.com
prinefierd@groom.com
bkoenigsfeld@groom.com
tvanbeek@groom.com

*appearing pro hac vice*

cc:    Counsel of Record (via Electronic Case Filing)