UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMAAL LLOYD and ANASTASIA JENKINS, individually and on behalf of all others similarly situated, and on behalf of the W BBQ Holdings, Inc. Employee Stock Ownership Plan, <br><br> Plaintiffs, <br><br> v. <br><br> ARGENT TRUST COMPANY, HERBERT WETANSON, GREGOR WETANSON, and STUART WETANSON, BBQ TRUST and its trustees and beneficiaries, and GREGOR WETANSON 2015 GIFT TRUST and its trustees and beneficiaries, <br><br> Defendants. | Case No. 1:22-cv-04129-DLC-SDA |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Plaintiffs Jamaal Lloyd and Anastasia Jenkins, individually and as Class Representatives ("Plaintiffs" or "Class Representatives"), have moved, pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving the Settlement of this Lawsuit, in accordance with the Class Action Settlement Agreement dated April 8, 2026 (the "Settlement Agreement"), which sets forth the terms and conditions for a proposed settlement of this Lawsuit. The Court, having read and considered the Settlement Agreement, the Motion, and the exhibits thereto, HEREBY ORDERS that:

1.      **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2.      **Settlement.** Plaintiffs, on behalf of themselves and all Class Members, on the one

1

hand, and Defendants Argent Trust Company ("Argent"), Herbert Wetanson, Gregor Wetanson, Stuart Wetanson, BBQ Trust and its trustees, and the Gregor Wetanson 2015 Gift Trust and its trustees (collectively the "Defendants") on the other hand, have negotiated a proposed Settlement to this Lawsuit to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims against the Releasees (as defined in the Settlement Agreement).

3. **Jurisdiction.** This Court has jurisdiction over the subject matter of this Lawsuit and over all parties. Venue in this Court is proper.

4. **Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, and arm's-length negotiations between the Parties and their counsel and therefore meets the requirements for preliminary approval.

5. **Settlement Class.** The Court certifies a Settlement Class of all participants in the W BBQ Holdings, Inc. Employee Stock Ownership Plan on or after July 29, 2016 who vested in whole or in part under the terms of the ESOP, and those participants' beneficiaries. Excluded from the class are Defendants and their immediate family members, any fiduciary of the ESOP, and any current or former officers or directors of W BBQ.

6. **Class Representatives and Class Counsel.** The Court previously appointed Plaintiffs Jamaal Lloyd and Anastasia Jenkins as Class Representatives, and the law firm Cohen Milstein Sellers & Toll PLLC as Class Counsel. Dkt. 240.

7. **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before this Court, on [date] August 14, 2026, at [time] 2:00 p.m., at the United States District Court for the Southern District

2

of New York, in the courtroom of Judge Denise L. Cote, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, Courtroom 18B, New York, NY 10007. At the Fairness Hearing, the Court will address any written objections and oral statements from Class Members and will determine, among other things: (i) whether the proposed Settlement of this Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Final Order should be entered; (iii) whether the Parties should be bound by the Releases set forth in the Settlement Agreement; and (iv) any amount of Class Counsel Fees, Class Counsel Expenses and Service Awards to the Class Representatives for their representation of the Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be mailed to the Class.

8. **Class Notice.** The Court approves the form, substance, and requirements of the revised proposed Class Notice. The Court finds that such Class Notice meets the requirements of Rule 23 and due process. The Court further finds that sending the Class Notice to all Class Members by U.S. Mail (or electronic mail if delivery of notice by mail is not successful) based on the Class Data for Class Notice is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, (a) to apprise Class Members of the pendency of this Lawsuit, (b) to apprise them of their right to object to the proposed Settlement, Class Counsel's request for Class Counsel Fees and Class Counsel Expenses and Service Awards, and (c) to notify Class Members of their right to appear at the Fairness Hearing. The Court finds that the Class Notice constitutes valid and sufficient notice to all persons entitled to notice of the proposed Class Action Settlement.

9. **Class Notice.** The Court directs that notice will be sent to all members of the proposed Settlement Class as set forth herein:

3

a. by May 8, 2026, W BBQ will provide the Settlement Administrator and Class Counsel with a spreadsheet containing the Class Data for Class Notice;

b. Within fourteen (14) Days after receiving the Class Data for Class Notice or the entry of this Preliminary Approval Order, whichever is later, the Settlement Administrator shall cause the Class Notice to be disseminated to the Class Members by first class U.S. mail and/or electronic mail, and shall post the Class Notice and the operative Second Amended Complaint in this action, as well as contact information for the Settlement Administrator and Class Counsel, on a settlement website the Settlement Administrator hosts for the Class;

c. the Class Notice shall be substantially in the form of submitted with the Motion for Preliminary Approval, subject to any changes the Court provides orally or by written order (though the Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administration costs);

d. following the issuance of the Class Notice, the Settlement Administrator shall provide Class Counsel with written confirmation of the mailing;

e. within seven (7) Days after the share allocation to Plan participants is finalized based on the final and approved annual valuation of W BBQ stock for the Plan year ending December 31, 2025, however, in all events, no later than October 15, 2026, W BBQ shall provide the Settlement Administrator and Class Counsel with a spreadsheet containing the Class Data for Class Notice and the Class Data for Allocation (except for the data in Section 1.8(e)); and

f. the Settlement Administrator shall otherwise carry out its duties with respect to the

4

Class Notice as set forth in the Settlement Agreement.

**10.     Objections.** Any Class Member may object to the proposed Settlement, or any aspect of it, and may object to Class Counsel Fees, Class Counsel Expenses, and Service Awards, by filing a written Objection with the Clerk of Court, U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007, on or before twenty-one (21) Days before the Fairness Hearing (the "Objection Deadline"). A copy of the Objection must also be submitted to the Settlement Administrator by U.S. Mail or email, post-marked or sent by the Objection Deadline. To be valid, the Objection must be in writing and must set forth, in clear and concise terms: (a) the case name and number (*Lloyd, et al. v. Argent Trust Co., et al.*, No. 1:22-cv-4129-DLC-SDA); (b) the objector's name, address, and telephone number, and the name of the objector's counsel if he or she is represented; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, and the name of the objector's counsel who will appear at the Fairness Hearing (if any); (e) a statement of whether the objection applies only to the objector, to a specific subset of Class Members, or to the entire Class; and (f) copies of all supporting documents, including any document(s) that the objector or the objector's counsel intends to offer at the Fairness Hearing. Any Class Member who does not make his or her Objection in the manner provided above shall be deemed to have waived their objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the Settlement Agreement, the award of Class Counsel Fees and Class Counsel Expenses, and/or the payment of Service Awards to the Class Representatives, unless the Court otherwise orders. Responses to objections shall be filed seven (7) Days before the Fairness Hearing so long as they are received by the deadline for Objections. If an Objection is received after the deadline, Class Counsel will

5

file the response to the Objection within 7 Days of its receipt.

**11.** **Appearance of Objectors at Fairness Hearing.** Any Class Member may appear, in person or by counsel, at the Fairness Hearing, to explain why the proposed Settlement should not be approved as fair, adequate, and reasonable. The objector must: (a) file with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) send the Notice of Intention to Appear to the Settlement Administrator and/or Class Counsel at least twenty-one (21) Days before the Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the Court in connection with the Fairness Hearing.

**12.** **Direct rollover requests.** Any Class Member who seeks to have his or her recovery from the Net Cash Payment deposited directly into a qualified retirement account to avoid the withholding of taxes may do so by completing a direct rollover request online at the settlement website at least twenty-one (21) Days before the Fairness Hearing or by mailing a completed copy of the direct rollover form to the Settlement Administrator (post marked ty the same deadline).

**13.** **Motion for Final Approval.** The motion in support of final approval of the Settlement shall be filed and served no later than twenty-eight (28) Days prior to the Fairness Hearing and any responsive papers shall be filed and served no later than twenty-one (21) Days prior to the Fairness Hearing.

**14.** **Motion for Class Counsel Fees, Class Counsel Expenses, and Service Awards.** Class Counsel's motion for Class Counsel Fees, Class Counsel Expenses, and Service Awards shall be filed and served no later than forty-two (42) Days prior to the Fairness Hearing, any Opposition to such motion will be filed within fourteen (14) Days of the motion, and any Reply filed within fourteen (14) Days of the Opposition. The Court's approval or disapproval of the

6

Settlement, and the effectiveness of the Settlement Agreement, shall not be contingent on the Court's approval or disapproval of the requested Class Counsel Fees, Class Counsel Expenses, or Service Awards. At or after the Fairness Hearing, the Court shall determine whether any application for Class Counsel Fees, Class Counsel Expenses, and Service Awards, should be approved.

15.    **Injunction.** Pending the Fairness Hearing, the Court hereby enjoins any Class Member from instituting, asserting, or prosecuting against any Defendant, in any pending or future action in any federal or state court or any other forum, any Released Claim that the Class Member currently has or may have in the future.

16.    **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

17.    **Stay of Proceedings.** All proceedings in this Lawsuit are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

7

18.     **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.  Defendants expressly deny any liability or wrongdoing to Plaintiffs, the Plan, or the Class.

19.     **Continuing Jurisdiction.** This Court retains jurisdiction over this Lawsuit to resolve any dispute that may arise regarding the Settlement Agreement, the Class Notice, the Final Approval Order, or any other matters relating thereto, including any dispute regarding administration, enforcement, enforceability, interpretation, performance, termination, or validity of the Settlement Agreement, and to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

| Event | Deadline |
|---|---|
| Deadline for Defendants send CAFA Notices | April 27, 2026 |
| Deadline for W BBQ to provide Class Data for Notice to Class Counsel and Settlement Administrator | May 8, 2026 |
| Deadline for Settlement Administrator to send and post Class Notice | May 22, 2026 or 14 Days after entry of Preliminary Approval Order (whichever is later) |
| Motion for Class Counsel Fees, Class Counsel Expenses, and Service Awards | 42 Days before Fairness Hearing |
| Defendants' Response to Motion for Class Counsel Fees, Class Counsel Expenses, and Service Awards (if any) | 14 Days after Filing of Motion for Class Counsel Fees, Class Counsel Expenses, and Service Awards |
| Class Counsel's Reply to Defendants' Response to Motion for Class Counsel Fees, Class Counsel Expenses, and Service Awards | 14 Days after Filing of Defendants' Response to Motion for Class Counsel Fees, Class Counsel Expenses, and Service Awards |
| Deadline for Independent Fiduciary to provide written notification of its determination | 35 Days before Fairness Hearing |
| Motion for Final Approval of Settlement | 28 Days before Fairness Hearing |

8

Case 1:22-cv-04129-DLC   Document 391-4   Filed 05/01/26   Page 10 of 10

| Deadline for Objections to the Settlement and direct rollover forms | 21 Days before Fairness Hearing |
|---|---|
| Deadline for Responses to Objections | 7 Days before Fairness Hearing |
| Fairness Hearing | [August 14, 2026] |

**IT IS SO ORDERED.**


Dated: _May 4, 2026_

_____

HON. DENISE L. COTE
U.S. DISTRICT COURT JUDGE

9